15-3123-cv
*Wheelings v. Dorosh*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of September, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
              JOSÉ A. CABRANES,
              RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

FERDANAND WHEELINGS, GLENDA WHEELINGS,

       *Plaintiffs-Appellants,*                  15-3123-cv

       v.

JOHN DOROSH, JOSEPH IACUONE, BRIAN GROGAN,

       *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | JOHN R. WILLIAMS, John R. Williams and Associates, LLC, New Haven, CT. |
| **FOR DEFENDANTS-APPELLEES:** | SCOTT R. OUELLETTE, Williams, Walsh & O'Connor, LLC, North Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., Judge of the United States District Court for the Southern District of New York, sitting by designation).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants Ferdanand Wheelings and Glenda Wheelings ("plaintiffs") appeal from a September 15, 2015 judgment of the District Court granting the motion by defendants-appellees ("defendants") for summary judgment. Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants-appellees, three members of the Derby Police Department, violated their Fourth Amendment rights by entering the house of Ferdanand Wheelings at 18 Garden Place without a warrant at the request of Myra Wheelings, his ex-wife.[1] (Glenda Wheelings, then the fiancée of Ferdanand and now his wife, was then staying at his home as an overnight guest, along with her children.) We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs raise four arguments on appeal: that Myra Wheelings lacked actual or apparent authority to consent to defendants' entry into 18 Garden Place; that even if she did have apparent authority, it dissolved after Ferdanand Wheelings objected to defendants' presence; that Ferdanand Wheelings's objection made defendants' presence unreasonable because it created ambiguity about Myra Wheelings's authority; and that defendants unreasonably permitted Myra Wheelings to accompany them inside 18 Garden Place and to remain there after they left.

We need not decide whether defendants violated plaintiffs' Fourth Amendment rights because we conclude that defendants are entitled to qualified immunity.[2] "The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). In determining whether a right is clearly established, "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Id.* (emphasis in original) (internal quotation marks omitted). For a right to be clearly established, "[w]e do not require a case directly on point, but existing precedent must have

---

[1] Plaintiffs' briefs refer to "Mayra Wheelings." We use the spelling "Myra," which matches the orthography in the complaint, the District Court's opinion, and defendants' brief. We also note that some police reports refer to plaintiff Ferdanand Wheelings as "Fernando" Wheelings.

[2] Because the District Court held that plaintiffs failed to prove a Fourth Amendment violation, it did not consider defendants' alternative argument based on qualified immunity. We intimate no view as to the District Court's holding. *Cf. Figueroa v. Mazza*, 825 F.3d 89, 99 (2d Cir. 2016) ("We may affirm on any ground supported by the record." (internal quotation marks omitted)).

placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Plaintiffs have not identified any such precedent here, nor have we found any case that suggests, much less holds, that defendants' particular conduct violated plaintiffs' clearly established Fourth Amendment rights. *See Pearson v. Callahan*, 555 U.S. 223, 243 (2009).

## CONCLUSION

We have reviewed the remaining arguments raised by plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk